```
                    UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF NEW YORK

                                         .
     In re:                              .    Chapter 13
                                         .
     Veronica Daniels,                   .
                                         .
              Debtor.                    .    Case #09-22822 (RDD)
     ....................................

                    MODIFIED AND CORRECTED BENCH RULING
             ON WEST VERNON ENERGY CORP.'S LATE CLAIM


     APPEARANCES:

     For The Debtor:              Stuart I. Davis, Esq.
                                  Pilgram Station
                                  P.O. Box 60135
                                  Bronx, NY 10461

     For West Vernon Energy:      James B. Glucksman, Esq.
     Corp.                        Rattet Pasternak
                                  & Gordon-Oliver, LLP
                                  550 Mamaroneck, Ave.
                                  Harrison, NY 10528

                                  Vincent Cuono, Esq.
                                  In-House Counsel
                                  West Vernon Energy Corp.
                                  33 Hubbells Drive
                                  Mount Kisco, NY 10549

     For The Trustee:             Jody L. Kava, Esq.
                                  Law Office of Jeffrey L. Sapir
                                  399 Knollwood Road-Ste. 102
                                  White Plains, NY
```

1

2   HON. ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE:

3          This is my ruling in the Veronica Daniels case on the

1  motion by West Vernon Energy Corp. to deem its claim timely
2  filed.  The motion was adjourned to today from January 20 of
3  this year in light of the fact that the Court had requested the
4  parties to consider several cases that neither side had
5  addressed in the pleadings with respect to the effect of
6  missing a bar date in a Chapter 13 case.  The parties have
7  since complied, and I am now in a position to rule on that
8  issue.
9       The facts, as set forth in affidavits submitted by the
10 parties, are undisputed, I believe, although the inferences one
11 may draw from the facts are disputed.  It is undisputed that
12 West Vernon Energy Corp. has been engaged in a lengthy
13 litigation dispute with, among other defendants, Ms. Daniels,
14 the debtor herein (the "Debtor"), that started in August, 2002,
15 in New York State Court.  The Debtor has been in a bankruptcy
16 case before, in which West Vernon was scheduled by Ms. Daniels
17 at its correct address with its correct name; however, that
18 case was dismissed, and West Vernon then proceeded with its
19 state court litigation until it became aware of the filing of
20 this case.
21      The Debtor filed the present Chapter 13 case in May,
22 2009, and inaccurately scheduled West Vernon in her schedules,
23 both in terms of the name of the creditor (it was scheduled as
24 "West Vernon Petroleum"), and, more importantly, scheduling the

address of West Vernon as 701 South Columbus Avenue, Mount Vernon, New York, 10550, when its correct address was 33 Hubbels Drive, Mount Kisco, New York, 10549.  As a result, it does not appear that West Vernon received timely notice from the Clerk of the Chapter 13 filing, and West Vernon therefore proceeded with the state court litigation thereafter and for some time was unaware of the existence of the automatic stay instituted upon the commencement of the Chapter 13 case. Before the chapter 13 filing, the jury in the State Court action awarded West Vernon a verdict of $178,207.01. Apparently without knowledge of the Chapter 13 filing, West Vernon obtained a judgment, entered in the Supreme Court, Westchester County, on July 15, 2009, for that sum.

However, it is acknowledged in the supplemental declaration of Mr. Cuono, filed on behalf of West Vernon, that West Vernon did, in fact, thereafter receive actual notice of this Chapter 13 case, in the form of a letter, dated August 18, 2009, from the Debtor's then counsel, Anne Penachio, to West Vernon's state court counsel in the state court action, Jeff Greene.  The letter is attached as Exhibit A to Mr. Cuono's supplemental declaration.  Then, Mr. Cuono acknowledges, on August 24, 2009 he contacted Miss Penachio, apparently in response to her letter, and confirmed that discussion by an e-mail dated August 31, 2009.  Miss Penachio has submitted an

                                                                    4

 1    affidavit that essentially corresponds to what Mr. Cuono has
 2    stated with regard to those communications.
 3         The e-mail from August 31, 2009 is attached as Exhibit B,
 4    to Mr. Cuono's supplemental declaration.  It's from Mr. Cuono
 5    to Miss Penachio, Re: Veronica Daniels, and it says, "This
 6    email confirms the 60-day extension Re: Daniels Bankruptcy
 7    proceeding.  I will e-mail you my draft proof of claim, FYI,
 8    and file it this week."  It then sets forth the correct name
 9    and address of the creditor, and it thanks Ms. Penachio for her
10    courtesies.
11         In his supplemental declaration, Mr. Cuono also states
12    that he was never advised "officially" of the October 15th bar
13    date in this case, which was established, however, as a matter
14    of statute and rule, as the 90th date after the Chapter 13
15    petition date.  And Miss Penachio's affidavit conflicts with
16    this to the extent that Mr. Cuono is stating that he never
17    received any notice of the bar date but, again, his affidavit
18    says only that he never received "official" notice.  Clearly,
19    he was on notice of the Chapter 13 case well before the bar
20    date, and he confirmed in his August 31 e-mail that he intended
21    to file a proof of claim that week, a month-and-a-half before
22    the bar date.
23         Ms. Penachio's affirmation states that, based upon her
24    recollection and review of the file, she advised Mr. Cuono that

                                                                5

1   "I intended to seek an adjournment of approximately 60 days of
2   the confirmation hearing because the claims bar date was not
3   until mid-October."  She goes on to say, "I recall explaining
4   that it, in my opinion, it would be best to defer confirmation
5   until after the bar date had passed."  She notes that she sent
6   Mr. Cuono a brief e-mail noting that the confirmation hearing
7   was adjourned to November 9.  That e-mail is part of the email
8   chain on Exhibit B to Mr. Cuono's affidavit.  It says,
9   "adjourned to Tuesday, November 9, 2009, at 10:00."  It appears
10  to be clear from the e-mail chain and the separate reference by
11  Mr. Cuono to filing a proof of claim "this week" that the "60
12  day extension" referred to in the e-mail is an extension of the
13  confirmation hearing date, not the bar date.
14       It is undisputed that West Vernon did not file its proof
15  of claim in this case either during the week of August 31,
16  2009, as Mr. Cuono's Monday, August 31 e-mail stated was his
17  intention, or by the  October 15, 2009 bar date.  Rather, the
18  proof of claim was filed on November 4, 2009.
19       Based on the foregoing facts, West Vernon nevertheless
20  seeks to have its claim be deemed timely filed.
21       Section 502(b) of the Bankruptcy Code provides that
22  "unless an objection is made, the Court, after notice and a
23  hearing, shall determine the amount of such claim in lawful
24  currency of the United States as of the date of the filing of
25  the petition and shall allow such claim in such amount except

1  to the extent that...," and then one moves to Subsection (9),
2  "...proof of such claim is not timely filed."
3      Section 502(b)(9) goes on to provide exceptions for tardy
4  filings permitted under Section 726(a) of the Bankruptcy Code,
5  and for filings by governmental units concerning a tax filed
6  under Section 1308 of the Bankruptcy Code.  Neither of those
7  exceptions would apply to West Vernon's late claim, however.
8      Federal Rule of Bankruptcy Procedure 3002(c), therefore,
9  governs this matter.  It sets the standard for claims filed in
10 Chapter 13 cases:  "In a chapter 13 individual's debt
11 adjustment case, a proof of claim is timely filed if it is
12 filed not later than 90 days after the first date set for the
13 meeting of creditors called under § 341(a) of the Code."
14     The Rule sets out, further, exceptions to this standard,
15 which include, however, only fines by governmental units,
16 claims by incompetent persons and infants, and claims submitted
17 under other fact patterns that do not apply to West Vernon's
18 claim.  Further, although Bankruptcy Rule 9006(b) states the
19 circumstances in which a Court may enlarge the time for taking
20 an action, Rule 9006(b)(3) states, "The Court may enlarge the
21 time for taking action under Rule 3002(c) only to the extent
22 and under the conditions stated in Rule 3002(c)" -- which I've
23 previously quoted and which, as I've noted, provides for no
24 basis for an extension with regard to West Vernon's claim.
25     The underlying Bankruptcy Code provision, Section

7

1  502(b)(9), was added to the Code in 1994 to address a split in
2  authority over whether bankruptcy courts may allow untimely
3  filed claims in Chapter 13 cases.  Many courts had followed <u>In</u>
4  <u>re: Hausladen</u>, 146 B.R. 557 (Bankr. D. Minn. 1992), which held
5  that an untimely proof of claim should not be disallowed solely
6  for tardiness; i.e., that there was a basis for permitting a
7  claim that was filed late to be deemed timely filed.  However,
8  Section 502(b)(9) was added to overrule <u>Hausladen</u>, as stated in
9  the legislative history:  "The amendment to Section 502(b)is
10 designed to overrule <u>In re: Hausladen</u> . . . and its progeny by
11 disallowing claims that are not timely filed."  140 Cong. Rec.
12 H 10,798 (Oct. 4, 1994).  The legislative history goes on to
13 state that the change "is not intended to detract from the
14 ability of the court to extend the bar date for claims when
15 authorized to do so under the Federal Rules of Bankruptcy
16 Procedure," <u>id.</u>; however, as noted above, these Rules do not
17 recognize such a basis for claims like West Vernon's.
18      Consequently, since 1994, the courts have almost
19 uniformly ruled that proofs of claim that are untimely filed in
20 a Chapter 13 case may not be deemed timely filed, and that the
21 claimants thereunder should not take from, or be permitted to
22 recover from, the debtor's estate under the Chapter 13 plan.
23 See, for example, <u>In re Gardenhire</u>, 209 F.3d 1145, 1152 (9th
24 Cir. 2000); <u>In re Aboody</u>, 223 B.R. 36 (1st Cir. BAP 1998); <u>In</u>
25 <u>re Brooks</u>, 414 B.R. 65,72 (Bankr. E.D. Pa. 2009); <u>In re Brooks</u>,

1  370 B.R. 194, 197 (Bankr. C.D. Ill. 2007); In re Nwonwu, 362
2  B.R. 705 (Bankr. E.D. Va. 2007); In re Bourgoin, 306 B.R. 442
3  (Bankr. D. Conn. 2004); In re Wright, 300 B.R. 453, 459-60
4  (Bankr. N.D. Ill.2003); In re Barnes, 2004 Bankr. LEXIS
5  2171(Bankr. D.D.C. Dec. 10, 2004).  See generally, 9 Collier on
6  Bankruptcy, ¶ 3002.03[1] (15th ed. 2009), at 3002-10, where the
7  editors have stated, "Courts have uniformly held that no
8  extension of the time fixed by Rule 3002(c) may be granted
9  after the time has passed, except as specifically allowed by
10 the provisions of Rule 3002(c)(1) through (6).  The court has
11 no equitable power to extend the time fixed by Rule 3002(c)."
12      The courts so ruling have also relied upon a decision by
13 the Seventh Circuit in the Chapter 12 context, In re Greenig,
14 152 F.3d 631 (7th Cir. 1998), given that Greenig interprets the
15 same language, albeit in the Chapter 12 context. See, for
16 example, In re Harris, 341 B.R. 660, 663 (Bankr. N.D. Ind.
17 2006).
18      Notwithstanding the clear wording of the statute, its
19 clear purpose, as stated in the legislative history, and the
20 clear dictates of the applicable Bankruptcy Rules, which I've
21 quoted, courts have understandably had difficulty in situations
22 where it appeared that the creditor did not have notice of the
23 bar date and the late filing of its claim was due to the fact
24 that it did not have such notice.  Those cases are discussed at
25 length in Judge Cox's opinion in In re Wright,300 B.R. at 453.

1  Of course, here it appears that while West Vernon originally
2  did not receive notice of the Chapter 13 filing, it did receive
3  actual notice of that filing well before the bar date; the
4  remaining issue, then, *if* one were to permit a late claim
5  notwithstanding the Bankruptcy Rules that I have previously
6  cited, would be whether West Vernon's late filing could be
7  excused.
8       West Vernon here has cited three cases where --
9  notwithstanding the plain language of the applicable Bankruptcy
10 Rules, the statute and the case law -- courts have permitted
11 late filings.  See *In re Collier*, 307 B.R. 20 (Bankr. D. Mass.
12 2004); *In re Stacy*, 405 B.R. 872 (Bankr. N.D. Ohio 2009); and
13 *In re Rousseau*, 2009 WL 4672669 (D.N.J. 2009), which is an
14 unreported decision not for publication.
15      Each of those courts recognized the general lack of
16 authority for an extension, but found an exception based on
17 fundamental principles of due process to permit a late-filed
18 claim.  The facts of those cases are distinguishable, however,
19 from the present facts in each instance.  In the *Stacy* and
20 *Rousseau* cases, there was literally no notice to the creditor
21 of the bar date or of the Chapter 13 case.  In the *Collier*
22 case, there was a confusing, separate bar date notice sent out.
23 And under those circumstances, the courts felt that they had
24 authority to deem the claims timely filed and let the creditors
25 participate in the estate in respect of the claims.

 1         As I noted, Judge Cox talks about this type of fact

 2   pattern in the Wright case.  I believe that her analysis of the

 3   law is more consistent with the law than the cases that I've

 4   just cited and that have been cited by West Vernon.  The court

 5   literally has no authority to permit the claim to be filed

 6   late. In re Wright, 300 B.R. at 459-60.  See also, among other

 7   cases, In re Nwonwu, 362 B.R. at 705.  In Wright, Judge Cox

 8   correctly points out that the proper remedy for a creditor that

 9   did not receive notice of the case in time to file a claim,

10   would be to obtain a declaration that its debt is not

11   discharged, given that it is not "dealt with" or "provided for"

12   under the plan.  300 B.R. at 467, 470.  In re Wright also

13   notes, as do several other courts, including Stacy and

14   Rousseau, that, notwithstanding a defective bar date notice, if

15   the creditor has sufficient time to file a claim before the bar

16   date, and does not do so, it has had sufficient due process so

17   that its claim should be barred and, further, that it would not

18   be subject to survival but would instead be discharged.  Id. at

19   469 n.8.  This was also the result in In re Bourgoin, 306 B.R.

20   at 442.

21         Given the foregoing, I believe that West Vernon's motion

22   to deem the claim be timely filed must be denied.  The claim is

23   admittedly late and that, in itself, should be sufficient to

24   have the claim be disallowed under what I believe to be the

25   proper reading of the Bankruptcy Code and the applicable

1  Bankruptcy Rules, as discussed above, which do not give the
2  Court discretion.
3      West Veron could, instead, move for a declaration that
4  its claim is not discharged, or for other relief that may be
5  available to a creditor that does not have sufficient notice of
6  the case before the bar date to allow it to file a timely proof
7  of claim.  Obviously, such a motion is not before me, although
8  Judge Cox in the _Wright_ case gives a creditor a road map for
9  the type of relief that it might seek.  I will note, however,
10 that, on the record before me, I'm skeptical that such a motion
11 would be granted, given the August 31, 2009 e-mail that
12 acknowledges the existence of the bar date and West Vernon's
13 counsel's stated intention to file a claim the week of August
14 31st.  But, I will not rule on that issue in advance of seeing
15 a motion and having the benefit of not only the existing
16 affidavit, but actual live testimony.  I'll only note that the
17 e-mail itself from Mr. Cuono seems to me to present a
18 significant hurdle.
19     The last word I'll say on that point is that, given that
20 the ability to be exempted from the discharge would be premised
21 upon an asserted lack of due process, premised again on a lack
22 of notice of the bankruptcy case and the bar date that's
23 established by the Bankruptcy Rules and the Code, I'll note the
24 recent ruling by the Supreme Court in _United Student Aid Funds,_
25 _Inc. versus Espinosa_, 130 S. Ct. 1367 (2010).  There, the

                                                                          12
1    creditor did not receive a summons and complaint in which its
2    student loan would be declared subject to the discharge, but it
3    did receive the debtor's Chapter 13 plan and was aware of the
4    case as a result.  The Court held that, as far as fundamental
5    due process was concerned, such notice was sufficient.
6         So, as far as the Chapter 13 Plan is concerned in this
7    case, West Vernon's claim will not be counted and will be
8    disallowed.
9    Dated: White Plains, New York
10          July 9, 2010
11
12                          /s/Robert D. Drain
13                          United States Bankruptcy Judge
14